IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Graphic Arts Mutual Insurance Company ) | Civil Action No. 0:11-01255-MBS |
| ) | |
| And ) | |
| ) | |
| Utica Mutual Insurance Company, ) | |
| ) | **ORDER AND OPINION** |
| Plaintiffs, ) | |
| v. ) | |
| ) | |
| Caldwell Chevrolet, Inc. d/b/a Fred Caldwell's Clover Chevrolet, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the court by way of a motion filed by Defendant Caldwell Chevrolet, Inc. d/b/a Fred Caldwell's Clover Chevrolet ("Defendant"), seeking to alter or amend an order of the court pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (ECF No. 59.) In that order filed on September 11, 2012 (the "September Order"), the court found that (1) insurance policies issued by Plaintiffs, Graphic Arts Mutual Insurance Company ("Graphic Arts") and Utica Mutual Insurance Company ("Utica") (collectively "Plaintiffs"), did not provide coverage to Defendant for claims and allegations in an underlying action and (2) Plaintiffs did not have any duty to either provide Defendant a defense in the underlying action or indemnify Defendant for the amount of any judgment and other relief that might be entered against Defendant in the underlying action. (ECF No. 57.) For the reasons stated below, the court denies the Defendant's motion to alter or amend the September Order.

I.  **RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

Defendant is a car dealership incorporated in South Carolina with its principal place of

1

business in South Carolina. (ECF No. 15, p. 2.) In April 2007, Graphic Arts issued Defendant a commercial package insurance policy (the "Graphic Arts policy"), which policy provided general liability coverage, auto dealers' errors and omissions liability coverage, and certain other coverages to Defendant. (ECF Nos. 9-1, 9-2.) The effective dates of the Graphic Arts policy were April 1, 2007 to April 1, 2008. (ECF No. 9-1, pp. 1-2.) The Graphic Arts policy provided certain supplemental coverages for auto dealers pursuant to the Auto Dealers Errors and Omissions Liability endorsement (the "ADEOL endorsement"). The ADEOL endorsement included the following provisions:

> III. Truth in Lending or Leasing - Errors and Omissions Coverage  - A. We will pay all sums an "insured" legally must pay as damages because of any negligent act, error or omission committed during the policy period for failing to comply with any federal, state, or local: 1. Truth in lending statute, or any statute that specifically regulates disclosures required to complete consumer finance agreements; or 2. Statute that specifically regulates disclosures required to complete consumer lease agreements.  B. We have the right and duty to defend any "insured" against a "suit" asking for these damages even if the allegations of the "suit" are groundless, false or fraudulent. However, we have no duty to defend an "insured" against a "suit" not covered under part A. above . . . C. This insurance does not apply to any claim or "suit" arising out of: 1. Section 112, Criminal Liability of Title 1 (Truth in Lending Act) of the Consumer Protection Act, (Public Law 90-321:82 Stat. 146 et. seq.); 2. Any dishonest, fraudulent, criminal or intentional act or acts committed by the "insured," any of the partners, officers, employees or agents of the "insured" or other party in interest acting alone or in collusion with others; or 3. "bodily injury" or "property damage."

(ECF No. 27-5, p. 2.)

In April 2007, Utica issued Defendant a commercial umbrella insurance policy (the "Utica policy"), which policy provided liability insurance coverage and certain other coverages to Defendant. (ECF No. 9-3.) The effective dates of the Utica policy were April 1, 2007 to April 1, 2008. (ECF No. 9-3, pp. 1-2.)

On September 4, 2007, a host of plaintiffs (the "underlying plaintiffs") filed an action, Howard Adams v. Action Ford Mercury, Inc., C/A No. 07-CP-02-1232 (the "underlying

2

action"), in the Court of Common Pleas for Aiken County, South Carolina against Defendant and other automobile dealers (the "underlying defendants"), alleging that the underlying defendants had engaged in a common practice of collecting illegal administrative fees in connection with the sale of automobiles to their customers.  (See ECF No. 27-2.)  The underlying plaintiffs alleged that the underlying defendants set and advertised a sticker price for cars and then upon closing, collected illegal administrative fees as part of a conspiracy to deceive all car buyers, amounting to consumer fraud.  (Id. at 106.)  The underlying plaintiffs alleged that the underlying defendants advertised the illegal "administrative fees" in a misleading manner, portraying the fees to be mandatory, and that this practice was a deceptive way to secretly and artificially raise the sticker price.  (Id. at 107.)  In addition, the underlying plaintiffs alleged that the illegal fees were deliberately placed on a separate line item on the customers' invoices along with mandatory fees such as taxes, tags and title, to create the appearance that the car buyers did not have any option but to pay for this fee with every car purchase.  (Id.)  The underlying plaintiffs further alleged that the underlying defendants did not avail themselves of the limited exception for administrative fees set forth in S.C. Code Ann. § 37-2-307, because the underlying defendants falsely claimed that they were charging administrative fees for reimbursement of actual costs when they were actually charging the fees for a profit.  (Id. at 107-08.)  Based on the foregoing, the underlying complaint contained causes of action for violation of S.C. Code Ann. §§ 56-15-10 to 600 (Count I) and civil conspiracy (Count II); and sought a declaratory judgment declaring that the charging of administrative fees was illegal, permanently enjoining the underlying defendants from charging the illegal fees in the future and disgorging the underlying defendants from all illegal fees previously collected  (Count III).  (Id. at 109-112.)

Defendant tendered the defense of the underlying action to Graphic Arts and Graphic

Arts provided a defense in the underlying action pursuant to a full and complete reservation of rights. (ECF No. 27-1, p. 3.) Thereafter, Plaintiffs initiated a declaratory judgment action in federal court on May 24, 2011. (ECF No. 1.) On May 25, 2011, Plaintiffs amended their complaint to remedy a deficiency in the allegations regarding the court's jurisdiction over the matter. (ECF No. 9.) On August 8, 2011, Defendant answered the amended complaint denying that Plaintiffs were entitled to the declaratory relief requested. (ECF No. 15.) Plaintiffs then moved for summary judgment on February 14, 2012. (ECF No. 27.) Defendant filed opposition to Plaintiffs' motion for summary judgment on March 3, 2012, to which Plaintiffs filed a reply in support of summary judgment on March 15, 2012. (ECF Nos. 30, 31.) After receiving consent from the court, Defendant filed supplemental opposition to Plaintiffs' motion for summary judgment on August 15, 2012, to which Plaintiffs filed a supplemental reply in support of summary judgment on August 17, 2012. (ECF Nos. 51, 54.) On August 21, 2012, the court held a hearing on Plaintiffs' motion for summary judgment. (ECF No. 56.) Thereafter, the court issued the September Order, granting summary judgment to Plaintiffs and declaring that the insurance policies issued by Plaintiffs do not provide coverage to Defendant for the claims and allegations in the underlying action and Plaintiffs do not have any duty to either provide Defendant a defense in the underlying action or indemnify Defendant for the amount of any judgment and other relief that might be entered against Defendant in the underlying action. (ECF No. 57.) On October 9, 2012, Defendant filed the present motion, asking the court to alter or amend the September Order. (ECF No. 59.)

## II.     LEGAL STANDARD AND ANALYSIS

**A.     <u>Motion to Alter or Amend a Judgment under Fed. R. Ci. P. 59</u>**

Under Fed. R. Civ. P. 59(e), a court may "alter or amend the judgment if the movant

4

shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." Robinson v. Wix Filtration Corp., 599 F.3d 403, 407 (4th Cir. 2010); see also Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 235 (4th Cir. 1994).  "[T]he rule permits a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'"  Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). However, Rule 59 motions "may not be used to make arguments that could have been made before the judgment was entered."  Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002).  Nor should they be used as opportunities to rehash issues already ruled upon because a litigant is displeased with the result.  See Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th Cir. 1993) (stating that "mere disagreement does not support a Rule 59(e) motion"); see also Consulting Eng'rs, Inc. v. Geometric Software Solutions & Structure Works LLC, 2007 WL 2021901, at *2 (D.S.C. July 6, 2007) ("A party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion, and such motion should not be used to rehash arguments previously presented or to submit evidence which should have been previously submitted.").  "In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly."  Pac. Ins. Co., 148 F.3d at 403.

**B.     The Arguments of the Parties**

Defendant asserts that its motion for relief pursuant to Fed. R. Civ. P. 59(e) should be granted because of new evidence that is material to the dispute and because of the court's legal error in applying the allegations in the underlying complaint against Defendant to the terms of the intentional act exclusion in the insurance policies issued by Plaintiffs.

5

1.      New Evidence

Defendant asserts that there is new evidence, which was unavailable at the summary judgment stage, that provides for coverage under the ADEOL endorsement. Specifically, Defendant asserts that after entry of the September Order, its attorney received a copy of a letter dated March 30, 2009 (the "March Letter") that stated as follows:

> **RE:   Heather Herron, et al. v. South Carolina Dealerships**
> **Howard Adams, et al. v. South Carolina Dealerships**
>
> Ladies and Gentlemen: . . .
>
> **Themes Presented by Plaintiffs in the Depositions** . . .
>
> These are the violations the Plaintiffs stressed in the depositions: . . . 4. Failure to list the fee on a RISC; . . . .

(See ECF No. 59-1, p. 3.) Defendant asserts that the March Letter creates a new theory of liability in the underlying action. Specifically, Defendant asserts that the March Letter adds a claim for the alleged failure by the underlying defendants to list the closing fee on the retail installment sales contract ("RISC"), which is the financing agreement. (ECF No. 59, p. 4.) Defendant further asserts that this theory of liability had been reported to Plaintiffs by way of the March Letter that was sent from Defendant's attorney in the underlying case to Plaintiffs' claims adjuster. (Id.) In this regard, Defendant asserts that the allegations of the complaint in the underlying action in combination with the facts known to Plaintiffs by way of the March Letter trigger their duty to defend Defendant as a result of the allegation that Defendant failed to disclose the closing fee to its customers on the RISC. (Id. at 4-5 (citing USAA Prop. & Cas. Ins. Co. v. Clegg, 661 S.E.2d 791, 798 (S.C. 2008) (An insurer's duty to defend is determined by the allegations made in the complaint and "facts outside of the complaint that are known by the insurer.")).)

6

Plaintiffs oppose the motion to alter or amend the September Order, asserting that the March Letter is not new evidence under Fed. R. Civ. P. 59 because (1) it was sent in reference to claims made in a matter separate and distinct from the underlying action, (2) it was sent by email to Defendant in 2009 and, therefore, was available to Defendant prior to entry of the September Order; and (3) even if it was not received by Defendant when it was originally emailed, Defendant did not take adequate steps to "discover" the March Letter prior to the summary judgment hearing. (ECF No. 61, pp. 5-7 (citing Boryan v. United States, 884 F.2d 767, 771 (4th Cir. 1989)); see also ECF No. 61-1, p. 2 ¶ 5.) Referencing the factors cited by the Fourth Circuit Court of Appeals in Boryan v. United States, Plaintiffs further assert that the March Letter is not material and does not require the court to amend the September Order because nothing in the March Letter triggers coverage. (Id. at 7-9.) In this regard, Plaintiffs argue that the March Letter's allegation of Defendant's failure to disclose the closing fee to its customers on the RISC does not satisfy the ADEOL's requirement of alleging the failure to comply with any truth in lending statute or statute regulating disclosures required to complete consumer finance agreements or consumer lease agreements. (Id. at 8.)

In reply, Defendant asserts that even if it received the March Letter prior to entry of the September Order, the significance of the March Letter to this litigation was not apparent to a non-legal entity such as Defendant two years after the letter was received. (ECF No. 63, pp. 1-2.) Defendant further asserts that Utica was aware of the March Letter, but failed to disclose its contents to Defendant's attorney or the court prior to summary judgment. (Id. at 2.) In this regard, Defendant argues that "Utica should have known that the [March] letter was important because of the South Carolina Supreme Court's holding in . . . Clegg . . ., which instructed that an insurer's duty to defend is determined by the allegations made in the complaint and "'facts

7

outside of the complaint that are known by the insurer.'" (Id. at 2 (citing Clegg, 661 S.E.2d at 798).) Therefore, because the March Letter contains an allegation that Defendant could be liable to the underlying plaintiffs for failing to disclosing the closing fee on the RISC, Defendant contends that it has presented new evidence triggering Plaintiffs' duty to defend and, therefore, the court should alter or amend the September Order to deny Plaintiffs' motion for summary judgment and to declare that Plaintiffs have a duty to continue the defense of Defendant. (Id. at 5.)

        2.       The Intentional Acts Exclusion

Defendant asserts that the court committed clear error of law in finding that the underlying complaint alleges intentional conduct and, therefore, Plaintiffs' duty to defend Defendant ceases because that obligation is eliminated by the intentional acts exclusion of the ADEOL endorsement. Defendant argues the court's conclusion is wrong because the underlying complaint alleges damages caused by both intentional and deceptive conduct, and conduct that is neither intentional nor deceptive. (ECF No. 59, p. 7.) In this regard, Defendant assets that because the underlying complaint contains claims for unintentional conduct, which should be covered, and claims for intentional conduct, which may not be covered, "the insurer's duty to defend extends to the entire case." (Id. at 7-8 (citing Town of Duncan v. State Budget and Control Bd., Div. of Ins. Servs., 482 S.E.2d 768 (S.C. 1997)).)

In their opposition to Defendant's motion, Plaintiffs assert that the court correctly found that the intentional acts exclusion precluded coverage for the claims made in the underlying action. (ECF No. 61, p. 11.) Plaintiffs further assert that Defendant's attempts to couch the allegations of the underlying complaint in terms of negligence does not change the fact that the claims made are based on intentional conduct. (Id.) In this regard, Plaintiffs argue that

8

Defendant's motion should be denied because the court's analysis plainly did not constitute a "clear error" of law. (Id.)

C.     **The Court's Review**

Defendant contends that the September Order should be altered or amended by the court as a result of newly discovered evidence unavailable to the court at the time the September Order was issued. The newly discovered evidence consists of the March Letter that allegedly advises Defendant and others that the underlying plaintiffs had communicated a new theory of liability in the underlying action regarding the failure to list the closing fee on the financing agreement.

The standard governing Fed. R. Civ. P. 59 relief on the basis of newly discovered evidence requires a party to demonstrate that: (1) the evidence is newly discovered since the judgment was entered; (2) due diligence on the part of the movant to discover the new evidence has been exercised; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that is likely to produce a new outcome if the case were retried, or is such that would require the judgment to be amended. Boryan, 884 F.2d at 771. Thus, in order to support a motion under Fed. R. Civ. P. 59(e), "the movant is obliged to show not only that this evidence was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered and produced such evidence at the hearing." Bagnal v. Foremost Ins. Grp., C/A No. 2:09-cv-01474-DCN, 2011 WL 1235555, at *4 (D.S.C. Mar. 30, 2011) (citing Frederick S. Wyle P.C. v. Texaco, Inc., 764 F.2d 604, 609 (9th Cir. 1985); Stiers v. Martin, 277 F.2d 737 (4th Cir. 1960)). Evidence that is available to a party prior to entry of judgment, therefore, is not a basis for granting a motion for reconsideration as a matter of law. Id. (citing Boryan, 884 F.2d at 771). The Fourth Circuit has

9

also held that when advancing a claim of newly discovered evidence, "a party must produce 'a legitimate justification for not presenting' the evidence during the earlier proceeding." Id. (citing Small v. Hunt, 98 F.3d 789, 798 (4th Cir. 1996) (quoting RGI, Inc. v. Unified Indus., Inc., 963 F.2d 658, 662 (4th Cir. 1992))).

Upon the court's review, Defendant fails to establish that the March Letter is newly discovered evidence under Fed. R. Civ. P. 59(e). Defendant has been in possession of the March Letter since 2009 and fails to demonstrate due diligence to discover the alleged relevance of the March Letter to this litigation.[1] See Boryan, 884 F.2d at 771 (Reasonable diligence is a showing which movant "is obliged" to make.) Moreover, even if the March Letter is considered newly discovered evidence, the court is not convinced that the March Letter triggers coverage under the ADEOL endorsement. As such, the court finds that the Defendant's arguments regarding the March Letter as newly discovered evidence do not warrant granting the relief requested by Defendant in their motion to alter or amend. Accordingly, Defendant's motion to alter or amend the September Order based on newly discovered evidence is denied.

Defendant further contends that the September Order should be altered or amended by the court to avoid a clear error of law. As discussed in the September Order, the court found that the underlying complaint did not trigger Plaintiffs' duty to defend Defendant because the facts of the underlying complaint specifically alleged intentional conduct by Defendant, which conduct was expressly excluded from coverage in the ADEOL endorsement. (See ECF No. 57, p. 11; see also ECF No. 27-5, p. 2.) Although Defendant provides in its motion specified reasons why it disagrees with the court's interpretation of the allegations in the underlying complaint, mere disagreement does not establish a clear error of law. See Hutchinson v. Staton,

---

1. In its reply memorandum, Defendant admits receiving the March Letter prior to the court's entry of the September Order, but asserts that it did not appreciate the significance of the March Letter to this litigation. The standard is whether the "movant" was aware of the evidence. Boryan, 884 F.2d at 771.

10

994 F.2d 1076, 1082 (4th Cir. 1993); see also Anderson v. City of Bessemer City, 470 U.S. 564, 573-74 (1985) (Under the "clear error" standard, a trial court's decision will not be set aside so long as it is "plausible in light of the record viewed in its entirety."); United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948).  In this regard, Defendant's arguments do not establish clear error.  Accordingly, the court denies Defendant's motion to alter or amend the September Order based on a clear error of law.

### III.    CONCLUSION

For the foregoing reasons, the court **DENIES** Defendant's motion to alter or amend the court's September 11, 2012 order pursuant to Fed. R. Civ. P. 59(e).

**IT IS SO ORDERED**.

/s/Margaret B. Seymour_____
MARGARET B. SEYMOUR
SENIOR UNITED STATES DISTRICT JUDGE

January 25, 2013
Columbia, South Carolina